# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-cr-00348-KJD-DJA |
| Plaintiff, | ORDER |
| v. | |
| SANTIAGO GONZALEZ, | |
| Defendant. | |

Presently before the Court is Defendant's Unopposed Motion for Nunc Pro Tunc Judgment (#42). Though the time for doing so has passed, no response has been filed.

Defendant requests that the Court enter a Nunc Pro Tunc Judgment sentencing him to 25-months, a sentence that will give him credit for time served from the time of his initial appearance in Case No. 2:15-CR-00349-GMN-PAL through September 16, 2021. The Government does not oppose Defendant's motion.

Gonzalez appeared in federal court on September 18, 2020, on a petition seeking to revoke his supervised release term ("the revocation matter") in Case No. 2:15-CR-00349-GMN-PAL. The petition alleged that Gonzalez committed a new offense, namely illegal possession of a firearm. Because the government indicated it would indict Gonzalez on the firearm charge, the parties discussed the cases and reached a global resolution. Consistent with the global resolution, at the revocation hearing on August 31, 2022, the parties jointly recommended the court sentence Gonzalez to 12-months imprisonment, concurrent to the sentence in the present case -- Case No. 2:20-cr-00348-KJD-DJA. The court followed the parties' recommendation.

In this case, the new illegal possession action, Gonzalez accepted a plea agreement whereby he pled guilty to illegally possessing a firearm and the parties agreed to jointly recommend a low-end sentence to run concurrent with the sentence imposed in the revocation

matter. At the sentencing hearing, this Court followed the parties' recommendation and sentenced Mr. Gonzalez to the low-end of his guideline range, which was 37-months and agreed to run the sentence concurrent to the revocation matter. Although the parties and the Court intended for Mr. Gonzalez' sentences to run concurrently, the parties recently learned that the sentences did not run concurrently, and that Mr. Gonzalez's sentence was much longer than intended.[1] BOP projects Mr. Gonzalez's anticipated release date as May 3, 2024, which is over 11 months longer than the parties' intended and the Court recommended.

Accordingly, good cause being found and to effectuate the intent and conditions of the binding plea agreement, the Court grants Defendant's motion. Had the Court known on the date that it sentenced Defendant that his revocation sentence had been completed and that he would not receive credit on this sentence for the time served in that case, it would have sentenced him to twenty-five months. Accordingly, an amended judgment will issue changing the sentence to twenty-five months custody as originally intended by the parties and the Court.

DATED this 15th day of August 2022.

_____
The Honorable Kent J. Dawson
United States District Judge

---

[1] The sentences did not run concurrently because Defendant's sentencing in this case occurred on November 9, 2021, after the revocation sentence had been completed.